UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ABDULWAHAB HASSAN ABASHAAR, SAFA'A MANSOOR AL DAHMI, and OSAMAH ABDULWAHAB ABASHAAR, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Cause No. 1:17-cv-281 RLM-DLP |
| R STEPHEN BEECROFT, *Ambassador, United States Embassy - Cairo*; UNITED STATES DEPARTMENT OF STATE; FEDERAL BUREAU OF INVESTIGATION; CHRISTOPHER WRAY,[1] *Director of the Federal Bureau of Investigation*; L. FRANCIS CISSNA,[2] *Director of United States Citizenship*; and UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

OPINION and ORDER

Plaintiffs Abdulwahab Hassan Abashaar; Safa'a Mansoor Al Dahmi, Mr. Abashaar's wife; and Osamah Abdulwahab Abashaar, Mr. Abashaar's son, seek a writ of mandamus pursuant to 28 U.S.C. §§ 1361, 1651; relief under the Administrative Procedure Act; and a declaratory judgment pursuant to 28 U.S.C. § 2201 related to Mr. Abashaar's I-130 immigration petitions. The plaintiffs also seek attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. The

---

[1] Christopher Wray, the current Director of the Federal Bureau of Investigation, was substituted as a named defendant pursuant to Fed. R. Civ. P. 25(d)(1).
[2] L. Francis Cissna, the current Director of United States Citizenship, was substituted as a named defendant pursuant to Fed. R. Civ. P. 25(d)(1).

defendants moved to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim. For the following reasons, the court grants the defendants' motion to dismiss.

I. STANDARD OF REVIEW

A Rule 12(b)(1) motion to dismiss "tests the jurisdictional sufficiency of the complaint." Bultasa Buddhist Temple of Chicago v. Nielsen, 878 F.3d 570, 573 (7th Cir. 2017) (citing Ezekiel v. Michel, 66 F.3d 894, 897 (7th Cir. 1995)). "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." Illinois v. City of Chi., 137 F.3d 474, 478 (7th Cir. 1998). When considering a Rule 12(b)(1) motion, the court "accept[s] as true all well-pleaded factual allegations and draw[s] reasonable inferences in favor of the plaintiffs." Bultasa Buddhist Temple of Chicago v. Nielsen, 878 F.3d at 573 (citing Ezekiel v. Michel, 66 F.3d 894, 897 (7th Cir. 1995)). If evidence outside of the complaint suggests that the court lacks jurisdiction, the court can properly look beyond the complaint and consider that evidence. Taylor v. McCament, 875 F.3d 849, 853 (7th Cir. 2017) (citing Apex Digital, Inc. v. Sears, Roebuck & Co., 572 F.3d 440, 444 (7th Cir. 2009)).

"Under Article III of the Constitution, the judicial power of the United States extends only to cases and controversies," Home Care Providers, Inc. v. Hemmelgarn, 861 F.3d 615, 620 (7th Cir. 2017) (quoting Wis. Right to Life, Inc. v. Schober, 366 F.3d 485, 488 (7th Cir. 2004)), and "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."

Qureshi v. Gonzales, 442 F.3d 985, 988 (7th Cir. 2006) (quoting Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997)). "[C]ases that do not involve actual, ongoing controversies are moot and must be dismissed for lack of jurisdiction." Home Care Providers, Inc. v. Hemmelgarn, 861 F.3d at 620 (quoting Wis. Right to Life, Inc. v. Schober, 366 F.3d at 490–491)).

When considering a Rule 12(b)(6) motion to dismiss, the court construes the complaint in the light most favorable to the nonmoving party, accepts all well-pleaded facts as true, and draws all inferences in the nonmoving party's favor. Reynolds v. CB Sports Bar, Inc., 623 F.3d 1143, 1146 (7th Cir. 2010). But FED. R. CIV. P. 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. at 570). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. at 556). Twombly and Iqbal "require the plaintiff to 'provid[e] some specific facts' to support the legal claims asserted in the compliant." McCauley v. City of Chicago, 671 F.3d 611, 616 (7th Cir. 2011) (quoting Brooks, 578 F.3d at 581)). The plaintiff "must give enough details about

the subject-matter of the case to present a story that holds together." <u>Swanson v. Citibank, N.A.</u>, 614 F.3d 400, 404 (7th Cir. 2010).

## II. Discussion

The amended complaint alleges that the plaintiffs fled to Egypt from Yemen, where a civil war threatened their lives. The plaintiffs say that while in Egypt, Mr. Abashaar, a United States citizen, filed I-130 petitions on behalf of his wife, Ms. Al Dahmi, and his son, Osamah, at the U.S. Embassy in Cairo. The plaintiffs claim that during their consular interview at the Embassy regarding the I-130 petitions, a Federal Bureau of Investigation agent was present and the consular officer asked the agent if the petition should be approved. The agent allegedly told the consular officer that it was up to the State Department to make that decision. The plaintiffs say that they received no notices of any additional interviews for the I-130 petitions. The amended complaint alleges that the defendants didn't properly adjudicate the petitions and acted in bad faith by not rescheduling the second interview, including an FBI agent in the Cairo Embassy interview, and failing to render a decision on the petitions.

The defendants move to dismiss, first arguing that the amended complaint's mandamus and APA claims were mooted when the United States Citizenship and Immigration Services adjudicated and denied the I-130 petitions. The defendants submitted evidence that the United States Citizenship and Immigration Services denied Mr. Abashaar's petitions as abandoned because he didn't appear at scheduled interviews. [*See* Doc. No. 48-1 at 2–5].

The plaintiffs don't deny that the petitions were adjudicated, but argue that United States Citizenship and Immigration Services was obligated to fully and fairly adjudicate the petitions, not just render a decision, and so these claims aren't moot. The plaintiffs contend that the defendants didn't provide Mr. Abashaar with statutorily mandated notices of required interviews, but the defendants' attached interview notices and accompanying envelopes, sent to the addresses Mr. Abashaar provided on the I-130 petitions to their reply brief. [Doc. No. 50-1 at 3–15].[3]

According to the court of appeals, a mandamus action seeking the adjudication of an I-130 petition is rendered moot by the adjudication of the petition. Qureshi v. Gonzales, 442 F.3d at 988. *See also* Martinez v. Mayorkas, No. 1:13CV485, 2014 WL 4908447, at *3 (S.D. Ohio Sept. 30, 2014) (collecting cases and holding that "[f]ederal district courts have often dismissed as moot mandamus actions requesting adjudication of an I–130 petition . . . once the petition . . . has been adjudicated"). Accordingly, to the extent Mr. Abashaar's amended complaint seeks a writ of mandamus to compel adjudication of his petitions, it is moot. And to the extent the amended complaint seeks to compel adjudication of the petitions pursuant to the APA or that adjudication was

---

[3] The amended complaint alleges, and the plaintiffs' brief in opposition argues, that any interview notices should have also been sent to the plaintiffs' attorney, "as defendants were award that Julie Goldberg and Goldberg & Associates were representing [p]laintiffs." [Doc. No. 37 at ¶ 41]. But United States Citizenship and Immigration Services didn't have a Form G-28 on file for Ms. Goldberg, which is the Department of Homeland Security's notice of appearance form, so no notices would have been sent to her. [*See* Doc. No. 48-4 at 3–4]; 1 CHARLES GORDON, ET AL., IMMIGRATION LAW AND PROCEDURE § 4.02[2] (rev. ed. 2017).

unreasonably delayed, those claims are also moot. *See* Mufti v. Lynch, 190 F. Supp. 3d 827, 833 (N.D. Ind. 2016) (an APA claim seeking to compel adjudication of an I-130 petition is rendered moot by the adjudication of the petition); Martinez v. Mayorkas, No. 1:13CV485, 2014 WL 4908447, at *3 (S.D. Ohio Sept. 30, 2014) (same).

The plaintiffs contend that their APA claim survives because the defendants should have rescheduled Mr. Abashaar's interviews for the I-130 petitions, but the plaintiffs cite no authority suggesting that the agency has a duty to reschedule an interview when a petitioner fails to appear. Absent a clear duty to act, the court can't compel agency action. Iddir v. I.N.S., 301 F.3d 492, 501 (7th Cir. 2002).

The plaintiffs also oppose dismissal, arguing that the defendants violated the APA by "act[ing] in bad faith when they improperly and unlawfully included the FBI in the decision-making process" on Mr. Abashaar's I-130 petitions. [Doc. No. 37 at ¶ 45]. Neither the amended complaint nor the plaintiffs' brief in opposition to the motion to dismiss point to any statute, regulation, or agency guidance that prohibits the FBI's alleged conduct—being present during a consular interview and declining to offer an opinion on Mr. Abashaar's petitions. The amended complaint's "bare and conclusory allegations" that it was improper and unlawful for the FBI to be present for a consular interview or part of the decision-making process are insufficient "to raise a right to relief above the speculative level." Diedrich v. Ocwen Loan Servicing, LLC, 839 F.3d 583, 589 (7th Cir. 2016). Rule 8 "demands more than an unadorned, the-defendant-

unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Accordingly, the APA claim must be dismissed.

Because it is dismissing the mandamus and APA claims, the court, in its discretion, declines to entertain the claim for declaratory relief. *See* Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995) (holding that "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act").

### III. CONCLUSION

For the foregoing reasons, the court GRANTS the defendants' motions to dismiss [Doc. No. 48].

SO ORDERED.

ENTERED: March 29, 2018

                                              /s/ Robert L. Miller, Jr.
                                              Judge, United States District Court

Electronic distribution to all counsel of record
via CM/ECF